LATHAM & WATKINS LLP
  Daniel M. Wall (SBN 102580)
    dan.wall@lw.com
  Timothy L. O'Mara (SBN 212731)
    tim.o'mara@lw.com
  Andrew M. Gass (SBN 259694)
    andrew.gass@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

Attorneys for Defendants
LIVE NATION ENTERTAINMENT, INC.
and TICKETMASTER LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION JUDICIAL DISTRICT

| | |
|---|---|
| Complete Entertainment Resources LLC d/b/a Songkick,<br><br>Plaintiff,<br><br>v.<br><br>Live Nation Entertainment, Inc.; Ticketmaster LLC,<br><br>Defendants. | CASE NO. 2:15-cv-09814 DSF (AGRx)<br><br>**DEFENDANTS' APPLICATION TO FILE CERTAIN DOCUMENTS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION UNDER SEAL**<br><br>The Honorable Dale S. Fischer<br><br>Preliminary Injunction Served: March 21, 2016<br>Response Date: April 11, 2016<br>Hearing Date: May 9, 2016<br><br>Discovery Cut-Off: Not Set<br>Motion Cut-Off: Not Set<br>Pre-Trial Conference: Not Set<br>Trial Date: Not Set |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

APPLICATION TO FILE CERTAIN DOCUMENTS ISO
DEFS' OPP. TO PRELIM. INJ. UNDER SEAL
CASE NO. 2:15-cv-09814 DSF (AGRx)

Pursuant to Local Rule 79-5, this Court's Individual Procedures, and the Stipulated Protective Order in this action (Dkt. # 21), Defendants Live Nation Entertainment, Inc. and Ticketmaster LLC hereby apply to file the following documents under seal:

1. Unredacted Version of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction ("Opposition Brief").

2. Unredacted Declaration of Cole Gahagan In Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction ("Gahagan Declaration").

3. Exhibit A to the Gahagan Declaration (demonstrative setting forth highly confidential Ticketmaster business information, aggregating data about the present duration of exclusive contracts with key counterparties).

4. Exhibit C to the Gahagan Declaration (demonstrative setting forth highly confidential Ticketmaster business information, analyzing competitive outcomes from past bids).

5. Exhibit G to the Gahagan Declaration (demonstrative setting forth highly confidential business information, aggregating data regarding royalty splits with key counterparties over time).

6. Exhibit H to the Gahagan Declaration (highly confidential third-party agreement).

This Application is made on the grounds that:

1. Defendants seek to seal only a fraction of the material submitted in opposition to Plaintiff's motion for a preliminary injunction (the "Motion"). The Motion targets Defendants' core business practices—the lawfulness and scope of their confidential, exclusive agreements with counterparties not named in this action. In opposition, Defendants have filed a 25-page brief, supported by three declarations, which collectively attach 10 exhibits. With this Application, Defendants respectfully ask the Court to seal certain trade secrets and/or other

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

APPLICATION TO FILE CERTAIN DOCUMENTS ISO
DEFS' OPP. TO PRELIM. INJ. UNDER SEAL
CASE NO. 2:15-cv-09814 DSF (AGRx)

highly confidential and sensitive business information (i) in four of those exhibits, (ii) to the limited extent such information is discussed in one of the declarations, and (iii) to the limited extent such information is discussed in the brief. The purpose of Defendants' request is to protect trade secrets and other "privacy interests of litigants and third parties"—*i.e.*, precisely the considerations that courts have long recognized warrant preventing public disclosure of sensitive material. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984).

2. Historically, the Ninth Circuit has held that for a "non-dispositive" motion such as the present one, sealing particular, identified material is appropriate upon a showing of "good cause." *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). This past January, a divided panel of that court ruled that on at least some preliminary injunction motions, the standard is instead that sealing is warranted for a "compelling reason." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016), *cert. petition pending*. Regardless of which standard the Court applies here, sealing the limited material at issue in this Application is appropriate and justified.[1]

3. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the … release [of] trade secrets." *Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted). More broadly, as the U.S. Supreme Court has recognized, "courts have refused to permit their files to serve as … sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,

---

[1] *Cf. Ctr. for Auto Safety*, 809 F.3d at 1109 (Ikuta, J., dissenting) (majority's decision "overtly overrule[d]" and "disregard[ed] the language" of "binding circuit precedent"); *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, 2016 WL 1158851, at *1 n. 3 (D. Ariz. Mar. 24, 2016) (refusing to follow *Auto Safety* and adding that "[b]ecause *Auto Safety* was only a panel decision and not *en banc*, prior Ninth Circuit precedent centralizing the inquiry on whether the record is dispositive or non-dispositive was not overruled"); *Gustafson v. Goodman Mfg. Co. LP*, 2016 WL 393640, at *1 n. 1 (D. Ariz. Feb. 2, 2016) (same).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

APPLICATION TO FILE CERTAIN DOCUMENTS ISO
DEFS' OPP. TO PRELIM. INJ. UNDER SEAL
CASE NO. 2:15-cv-09814 DSF (AGRx)

598 (1978). Courts thus routinely hold that documents "contain[ing] confidential business information and/or trade secrets … [are] properly sealable." *See, e.g.*, *Synopsis, Inc. v. Magma Design Automation, Inc.*, 2006 WL 997190, at *1-3 (N.D. Cal. April 17, 2006). For example, "pricing terms, royalty rates, and guaranteed minimum payment terms . . . [are] information that plainly falls within the definition of 'trade secrets,'" and as such meet the "compelling reasons" standard. *In re Elec. Arts Inc.*, 298 Fed. Appx. 568, 569-70 (9th Cir. 2008) (ruling that a district court erred in refusing to seal a licensing agreement). But importantly, sealing sensitive commercial material is not limited to "trade secrets." To the contrary, since *Nixon*, "documents may be sealed merely if they are 'sources of business information that might harm a litigant's competitive standing.'" *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 n.3 (Fed. Cir. 2013) (applying Ninth Circuit law); *Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd*, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014) (same).

    4. Gahagan Declaration Exhibit A is a demonstrative presenting highly sensitive confidential business information. It aggregates data from Ticketmaster's confidential exclusive ticketing services agreements with venues, analyzing the portion of those agreements that will expire within the next three years. Disclosing such information, which is a trade secret, would harm Ticketmaster's competitive standing by publicly revealing information of significant value to Ticketmaster's competitors, and would compromise Ticketmaster's negotiating position with counterparties going forward. *See* Decl. of Kyle Hannaford in Support of Application to Seal ("Hannaford Decl.") ¶ 3.

    5. Gahagan Declaration Exhibit C is a demonstrative presenting highly sensitive confidential business information. It aggregates data from Ticketmaster's past *unsuccessful* efforts to win exclusive ticketing contracts with venues. Publicly disclosing such information would harm Ticketmaster's competitive standing by revealing Ticketmaster's core business strategies—*i.e.*, what venues it has gone

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

APPLICATION TO FILE CERTAIN DOCUMENTS ISO
DEFS' OPP. TO PRELIM. INJ. UNDER SEAL
CASE NO. 2:15-cv-09814 DSF (AGRx)

1  after, and what bids it has submitted that were bettered by third parties—in an
2  industry where such information would be invaluable to Ticketmaster's
3  competitors and future counterparties alike.  *See* Hannaford Decl. ¶ 4.
4      6.  Gahagan Declaration Exhibit G is a demonstrative presenting highly
5  sensitive confidential business information.  It aggregates data from Ticketmaster's
6  confidential ticketing services agreements with venues regarding what "split" of
7  the service and handling fee charged to consumers the venues have negotiated to
8  retain, over time.  Disclosing such information, which is a trade secret, would harm
9  Ticketmaster's competitive standing by revealing to its competitors and
10 counterparties the pricing terms that Ticketmaster is, and has historically been,
11 willing to accept, thereby gravely compromising Ticketmaster's negotiating
12 position going forward.  *See* Hannaford Decl. ¶ 5.
13     7.  Gahagan Declaration Exhibit H is a confidential agreement between
14 Ticketmaster and a counterparty.  This contract is discussed and referenced in the
15 Gahagan Declaration specifically because its terms are unusual.  Publicly
16 disclosing the terms of this confidential contract, which is a trade secret, would
17 harm Ticketmaster's competitive standing by revealing to its competitors and
18 potential future counterparties the non-public, atypical nature of the agreement,
19 thereby compromising Ticketmaster's negotiating position in similar transactions
20 going forward.  It would also harm the counterparty to this agreement, which
21 negotiated for and obtained specific contractual terms that the agreement and its
22 terms would be kept confidential.  *See* Hannaford Decl. ¶ 6.
23     8.  The redacted portions of the Gahagan Declaration and the Opposition
24 Brief consist of discussions of the preceding material, along with discussions of
25 select other trade secrets and/or highly confidential business information (including
26 Ticketmaster's success rate in responding to formal requests for proposals, market
27 analyses of competitive "white space," terms and term lengths of highly
28 confidential agreements, and the purpose/use of competitively sensitive financial

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

APPLICATION TO FILE CERTAIN DOCUMENTS ISO
DEFS' OPP. TO PRELIM. INJ. UNDER SEAL
CASE NO. 2:15-cv-09814 DSF (AGRx)

models). Public disclosure of such information would harm Ticketmaster's competitive standing by revealing to its competitors and existing and future counterparties sensitive information about Ticketmaster's business model, negotiating strategies, preferred deal terms, marginal revenue figures, success metrics and rates, and other competitively critical matters. *See* Hannaford Decl. ¶ 7. Under the prevailing standards, all such material should be sealed.

Pursuant to Local Rule 79-5.2.2(a)(i)(2), Defendants' counsel exchanged correspondence with Plaintiff's counsel regarding this sealing application, and in advance of this filing provided Plaintiff's counsel with copies of the four Gahagan exhibits to be sealed (which represent the core of the material that Defendants are requesting be sealed), as well as a copy of the Hannaford Declaration filed in support of this Application. Based on an initial review, Plaintiff's counsel advised Defendants' counsel that they do not oppose sealing the Gahagan exhibits, but they reserve the right to object to the confidentiality designations based on further review. Since the final redactions to the opposition brief and the Gahagan declaration itself were being finalized shortly before filing, Plaintiffs' counsel has not yet reviewed those, and takes no position on the propriety of sealing that information.

For the foregoing reasons, Defendants request that the Court enter an Order permitting the above referenced documents to be filed under seal, provided that redacted versions of these documents shall remain publicly accessible. A Proposed Order granting this Application has been submitted herewith.

Dated: April 11, 2016                    Respectfully submitted,

LATHAM & WATKINS LLP

By:  */s/ Daniel M. Wall*
Daniel M. Wall
Timothy L. O'Mara
Andrew M. Gass
Attorneys for Defendants
LIVE NATION ENTERTAINMENT, INC. and TICKETMASTER LLC