QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Frederick A. Lorig (Bar No. 057645)
  fredlorig@quinnemanuel.com
  Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
  Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Complete
Entertainment Resources LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Complete Entertainment Resources LLC d/b/a Songkick,<br><br>         Plaintiff,<br><br>   v.<br><br>Live Nation Entertainment, Inc.; Ticketmaster LLC,<br><br>         Defendants. | CASE NO. 15-cv-9814 DSF (AGRx)<br><br>**SONGKICK'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR LEAVE TO FILE AN OVERSIZE BRIEF IN SUPPORT OF DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS**<br><br>Assigned to The Hon. Dale S. Fischer<br><br>Date:  April 27, 2017<br><br>Motion Hearing Cut-Off:  Aug 7, 2017<br>Pre-Trial Conference:  October 16, 2017<br>Trial Date:  November 14, 2017 |
| Ticketmaster LLC,<br><br>         Counter Claimant,<br><br>   v.<br><br>Complete Entertainment Resources LLC d/b/a Songkick,<br><br>         Counter Defendant. | |

Plaintiff Complete Entertainment Resources LLC d/b/a Songkick ("Songkick") respectfully submits this opposition to Defendants' *ex parte* application for an order granting leave to file an oversize brief (Dkt. 199).[1]

The critical point Defendants elide in their application is that they are not seeking 50 pages for summary judgment motions; they are seeking **75**. In meet and confers on this issue, Defendants' counsel made clear that ***each*** Defendant, Live Nation Entertainment, Inc. ***and*** Ticketmaster LLC, intends to file a separate summary judgment motion. This is consistent with the Court's standing order, Dkt. 9 ¶ 7(c), and Songkick cannot object to such parallel briefs. In the ordinary course, if each Defendant files their own summary judgment motion and they coordinate the arguments between themselves (as they will presumably do, given they are represented by the same counsel and are subject to the same causes of action), that means the Local Rules collectively provide Defendants with 50 pages to make their summary judgment arguments. Songkick informed Defendants it would not object to a single, omnibus 50-page brief, because that is more efficient and easier on the Court. But Songkick strenuously objects to both a 50-page motion and a separate 25-page motion, as Defendants now request.

In discussing this issue, Songkick's counsel inquired why 50 total pages was not enough, particularly because summary judgment is appropriate only for those disputes where there are no genuine issues of material fact. In response, Defendants' counsel offered no specifics except for the same generalities in their application, which, based on Defendants' own case law, clearly do not support

---

[1] The parties stipulated that Songkick may submit its opposition on May 3, 2017. *See* Dkt. 201. However, in the interest of proceeding expeditiously with this issue, and because Songkick believes it can adequately address Defendants' arguments now, it is submitting this opposition today despite its previous extension agreement.

providing the expansion they seek.  Songkick therefore opposed the expansion request then, and reiterates that opposition now.

To this point, *FDIC v. Van Dellen*, 10-cv-04915-DSF, Dkt. 218 (C.D. Cal. filed Aug. 29, 2012) (Fischer, J.), is an excellent example of how far Defendants overstep with their 75-page limit request.  In *Van Dellen*, this Court permitted the defendant to file a **34**-page response to the FTC's summary judgment motion, which was based on a 309-page complaint with 68 different counts.  *See id.*; *see also id.*, Dkt. 214 at 1-2.  The FTC's motion sought judgment on 23 of those 68 counts, and focused on different loans for each count.  *Id.*, Dkt. 214 at 1-2.  The defendant needed to provide individualized responses and argument to each of the 23 counts, necessitating the overlong brief.  *Id.*

Songkick's complaint and the number of claims it asserts are a fraction of what the FTC asserted in *Van Dellen*.  Furthermore, unlike the party seeking an overlong brief in that case, Defendants already have 50 pages to make their arguments.  If a party was able to get by on 34 pages for vastly broader claims with far more factual complexity, it is difficult to see why Defendants here are unable to do the same with an even higher default page limit.

Defendants' next example, *FTC v. Tatto, Inc.*, 13-cv-08912-DSF, Dkt. 8 (C.D. Cal. filed Dec. 5, 2013) (Fischer, J.), similarly establishes how far Defendants overreach.  In *Tatto*, the FTC (*i.e.*, the plaintiff) sought permission to include **5** extra pages in a TRO application, due to the proof it needed to adduce for its affirmative claims and "the complexity of the Defendants' corporate structure and operations and the variety of appropriate relief."  *Id.*, Dkt. 4 at 2.  That means the FTC sought and obtained 30 pages for a brief to prove its case, which is 20 pages less than what Defendants already have for their efforts to disprove Songkick's claims.  Defendants offer no explanation why *Tatto* shows they need yet another 25 pages.

Finally, Defendants substantially misrepresent *Zazzali v. Swenson*, 2013 WL 6181821 (D. Idaho Aug. 6, 2013), a case that again supports Songkick's opposition

to 75 pages rather than Defendants' application for that relief.  In *Zazzali*, the plaintiff (a bankruptcy trustee) sought a page extension, and then only for 3 extra pages to a 10-page reply brief.  *Zazzali v. Swenson*, 1:12-cv-00224-EJL-MHW, Dkt. 331 (D. Idaho May 24, 2013).  The plaintiff justified that request "[d]ue to the number of remaining defendants and the procedural and legal complexity of the claims against them."  *Id.* at 1.  The page extension request was not, as Defendants incorrectly assert (at 2), based on the "complexity of assessing an 'excessive' damages claim."  Indeed, the party seeking the 3-page extension ***was*** the party seeking damages.  *See Zazzali*, 2013 WL 61821, at *1 ("By this motion, the Trustee seeks to hold [the defendants] liable for some $196,689.254 of debt…").

      The point of this discussion is not to rely overmuch on previous cases.  Instead, it is to point out that Defendants offer no support or good cause for the proposition that 50 pages is insufficient for summary judgment.

      As an initial matter, Defendants seek to inflate the number and complexity of Songkick's antitrust theories, but all share a common nucleus of core facts, including the two relevant markets at issue (respectively, artist presale ticketing services and venue ticketing services); Ticketmaster's power within those markets; that Defendants worked together in furtherance of the anticompetitive scheme, including (among other things) anticompetitively drafting Ticketmaster's fan club policy to restrain competition and then enforcing that policy in a way meant solely to quash competition; the ensuing harm to competition that actually occurred from Defendants' activities; and the harm to Songkick from those activities.  Similarly, Songkick's trade secret misappropriation and CFAA claims also focus on the same core set of facts, which involve Defendants' unauthorized access to and use of Songkick's confidential and proprietary information.  This is not a case where each claim is separate and distinct from the others, or addresses segregated actions not applicable to the other claims.  All is interrelated here.

      Next, an extra 25 pages of briefing, for 75 total, will not change that there are

-3-  Case No. 15-cv-9814-DSF-AGRx
SONGKICK'S OPPOSITION TO EX PARTE APPLICATION TO FILE OVERSIZE BRIEF

fundamental and genuine disputes regarding the material facts. Contrary to the assertions in Defendants' application, *see generally* Dkt. 199, discovery in this case has shown that Songkick's allegations are proven by the evidence produced since the last hearing before the Court. Among other things, discovery has shown that: Defendants internally defined the relevant markets in the exact same way Songkick alleged in its Complaint; Defendants intended to use, and have used, their monopoly power to squash competition in the artist presale ticketing services market; Defendants were not only consciously aware of Songkick, but actively tried to destroy it and all other artist presale companies because they viewed such companies as an existential threat; both Ticketmaster and Live Nation's senior executives testified that they do not believe they have to, and did not, reasonably apply or define Ticketmaster's fan club policy; and the same witnesses testified that the policy could be used to restrict competition by Songkick and other artist presale ticketing service providers with Ticketmaster's own presale ticketing platform. Moreover, as detailed in Songkick's Amended Complaint (and proven up by additional discovery), Defendants accessed and used Songkick's proprietary and confidential information without permission and to destroy Songkick as a competitor. Songkick similarly has disclosed expert opinions (including from the former chief economist of the DOJ's Antitrust Division and the FTC) establishing, *inter alia*, that Defendants have market power in the artist presale and venue ticketing services markets, and that their activities illegally harmed competition and damaged Songkick. All of this is the information Songkick did not have—because discovery had not yet occurred—when it sought a preliminary injunction last year and was unable to demonstrate, at that time, a substantial likelihood of success. Dkt. 63, at 1, 3.[2]

---

[2] Such rulings are of course preliminary, and therefor non-binding. *See Univ. of*

In terms of damages, Defendants imply Songkick is itself overstepping and that this somehow justifies expanded page limits for summary judgment. However, Defendants vastly overstate and mischaracterize the facts. The expert analysis Songkick submitted indicates that, from 2011-present, Songkick suffered millions in lost profits (depending on the claim at issue) and Defendants received millions in unjust enrichment. More recently, Songkick has also suffered nine figures in lost business value due to Defendants' ever increasing illegal conduct. The upper bound of this type of damage is the only number Defendants cite in their brief, *see* Dkt. 199 at 1, and it is at the upper end of Songkick's damages estimates. But it is not so difficult to believe that eliminating the value of a business with Songkick's previous trajectory causes a tremendous amount of damage. In any event, this is an issue for the *Daubert* motion Defendants indicate they intend to bring. *See* Dkt. 199 at 3.

Some cases are appropriate for summary judgment, but the majority are not. If this case truly were as clear cut as Defendants imply, then 25 pages or, at most, 50 pages would be more than enough to establish why the Court should dismiss Songkick's case. In truth, however, Defendants are seeking 75 pages in an attempt to throw as many issues against the wall as possible in the hopes that one sticks. Songkick looks forward to opposing Defendants' anticipated motions so the Court can understand the magnitude of Defendants' anticompetitive and other illegal conduct. But it is excessive and unnecessary to expand the summary judgment motions in the way Defendants request. As it stated in the meet and confers, Songkick continues to have no objection to Defendants filing a single, omnibus 50-

---

*Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 1834, 68 L. Ed. 2d 175 (1981) (due to its preliminary and abbreviated nature, "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits"). Songkick is confident that the evidence it received since discovery commenced shows Defendants are monopolistic bullies, and it looks forward to demonstrating those facts in full at the appropriate time.

page summary judgment motion.  But there is no good cause for a larger brief than that, and no good cause for both a 50-page *and* 25-page summary judgment motion.

Dated:  April 27, 2017

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By:  */s/ Adam B. Wolfson*
     Adam B. Wolfson

Attorneys for Plaintiff
COMPLETE ENTERTAINMENT RESOURCES LLC