# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION JUDICIAL DISTRICT

| | |
|---|---|
| Complete Entertainment Resources LLC d/b/a Songkick, <br><br> Plaintiff, <br><br> v. <br><br> Live Nation Entertainment, Inc.; Ticketmaster LLC, <br><br> Defendants. | CASE NO. 2:15-CV-09814 DSF (AGRx) <br><br> **[PROPOSED] ORDER GRANTING DEFENDANTS AND COUNTER-CLAIMANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> The Honorable Dale S. Fischer |
| Ticketmaster LLC, <br><br> Counter-Claimant, <br><br> v. <br><br> Complete Entertainment Resources LLC d/b/a Songkick, <br><br> Counter Defendant. | |

THIS MATTER comes before this Court upon Defendants and Counter-Claimant's Motion for Partial Summary Judgment. After full consideration, IT IS HEREBY ORDERED THAT:

This Motion for Partial Summary Judgment is GRANTED.

The Court GRANTS summary judgment in favor of Defendants as to Songkick's claims under the Sherman Act. Songkick has not established that Defendants' conduct with respect to their exclusive venue contracts, concert promotion business, fan club policy, or enforcement thereof violates the Sherman Act or is otherwise anticompetitive. Songkick's claims under the Sherman Act are accordingly DISMISSED.

The Court GRANTS partial summary judgment in favor of Defendants as to Songkick's unfair competition claim under Cal. Bus. & Prof. Code § 17200 to the extent that claim is predicated on alleged unfair business acts or practices. Songkick has not identified any unfair business acts or practices on the part of Defendants.

The Court GRANTS summary judgment in favor of Defendants as to Songkick's promissory estoppel claim. Songkick has not identified any legally binding promise made by Defendants to Songkick, nor has it identified any failure to fulfil any such promise. Songkick's promissory estoppel claim is accordingly DISMISSED.

The Court GRANTS summary judgment in favor of Defendants as to Songkick's tortious interference claims. Songkick has not identified any conduct by Ticketmaster other than Ticketmaster's lawful enforcement of its rights pursuant to its contracts with venues. Songkick's tortious interference claims are accordingly DISMISSED.

The Court GRANTS partial summary judgment in favor of Defendants as to Songkick's prospective interference claims. To the extent these claims are derivative of Songkick's other claims addressed here, they are DISMISSED.

The Court GRANTS Defendants' motion for partial summary judgment as to Songkick's claim for lost profits damages. Songkick has failed to meet its burden to show causation of alleged damages with respect to the 65 artists identified in Defendants' motion.

The Court GRANTS Defendants' motion for partial summary judgment as to Songkick's claim for lost enterprise value damages. Songkick's lost enterprise value claim is derivative of its lost profit claim, which is fatally defective for the reasons stated above.

The Court GRANTS summary judgment in favor of Counter-Claimant Ticketmaster as to Ticketmaster's intentional interference claim as to liability only. Ticketmaster has adduced evidence that it has valid contracts with venues, Songkick was aware of such contracts, Songkick intended to disrupt these contracts, Songkick's conduct actually disrupted these contracts, and Ticketmaster suffered harm as a result. The scope and damages of Songkick's intentional interference shall be determined at trial.

**IT IS SO ORDERED.**

Dated: _____

_____

Hon. Dale S. Fischer
United States District Judge