QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Frederick A. Lorig (Bar No. 057645)
  fredlorig@quinnemanuel.com
  Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
  Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Complete
Entertainment Resources LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Complete Entertainment Resources LLC d/b/a Songkick,<br><br>            Plaintiff,<br><br>       v.<br><br>Live Nation Entertainment, Inc.; Ticketmaster LLC,<br><br>            Defendants. | CASE NO. 15-cv-9814 DSF (AGRx)<br><br>**PLAINTIFF'S APPLICATION TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Complaint Filed:  December 22, 2015<br><br>Judge:     Hon. Dale. S. Fischer<br>Date:      August 7, 2016<br>Time:      1:30 p.m.<br>Crtrm.:    7D<br><br>Motion Hearing Cut-Off:  Aug 7, 2017<br>Pre-Trial Conference:  October 16, 2017<br>Trial Date:  November 14, 2017 |
| Ticketmaster LLC,<br><br>            Counter Claimant,<br><br>       v.<br><br>Complete Entertainment Resources LLC d/b/a Songkick,<br><br>            Counter Defendant. | |

Case No. 15-cv-9814-DSF-AGRx
PLAINTIFF'S APPL. FOR LEAVE TO FILE UNDER SEAL ISO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Local Rule 79-5, this Court's Individual Procedures, and the Stipulated Protective Order entered in this case on February 12, 2016, ECF No. 22 ("Protective Order"), Plaintiff Complete Entertainment Resources LLC ("Songkick") hereby applies to file the following documents under seal.

## I.   DOCUMENTS PRODUCED BY DEFENDANTS OR THIRD PARTIES THAT SONGKICK CONDITIONALLY FILED UNDER SEAL

### A.   Defendants' Documents

1. With this Application, Songkick conditionally filed under seal the following documents designated "Confidential" or "Highly Confidential" by Defendants pursuant to the Protective Order:

2. Exhibits 78, and 200 through 382, and 414 through 418, and 427 through 429, to the concurrently-filed Declaration of Adam Wolfson ("Wolfson Declaration"); these exhibits are documents produced by Defendants and designated as either "Confidential" or "Highly Confidential."

3. Exhibits 5, 9, and 43 to the Wolfson Declaration; these exhibits are written discovery responses served by Defendants on Songkick and designated by Defendants as either "Confidential" or "Highly Confidential."

4. Exhibits 1, 393, 395, 397, 398, 401, 402, and 405 to the Wolfson Declaration; these exhibits are excerpts from the deposition transcripts of Defendants' fact and expert witnesses in this action that Defendants have designated as either "Confidential" or "Highly Confidential."

5. Exhibits 389, 390 and 403 to the Wolfson Declaration; these exhibits are excerpts from the deposition transcripts of third party witnesses who are former employees of Defendants, and that may, accordingly, describe or reference information that Defendants might deem confidential.

6. Exhibits 44, 46, and 76 to the Wolfson Declaration; these exhibits are expert reports and/or excerpts of expert reports served by Defendants in this action, and have been designated "Highly Confidential" by Defendants.

7. Exhibits 12, 38, 42, 45, and 75 to the Wolfson Declaration; these exhibits are expert reports served by Songkick in this action that quote from material designated "Confidential" and/or "Highly Confidential" by Defendants.

8. Portions of the Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment, which quotes, describes, or references documents designated by Defendants as "Confidential" or "Highly Confidential."

9. An unredacted version of the Statement of Genuine Disputes and Additional Material Facts in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment, which quotes, describes, and references documents designated by documents designated by Defendants as "Confidential" or "Highly Confidential."

10. An unredacted version of the Declaration of Adam Wolfson ("Wolfson Declaration") in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment, which quotes, describes, or references documents designated by Defendants as "Confidential" or "Highly Confidential."

11. On June 25, 2017, Songkick provided notice to Defendants via email that they intended to file materials designated by Defendants as "Confidential" or "Highly Confidential." *See* C. Waduge Decl. in Supp. of Pls.' App. for Leave to Seal ¶ 3, June 26, 2017 ("Waduge Decl."). Defendants' counsel did not respond. *Id.* These materials are listed above, along with a small number of additional documents that were not specifically enumerated in Songkick's June 25 email. Pursuant to Paragraph 12 of the Protective Order, Songkick is required to—and hereby does—file this "Confidential" and "Highly Confidential" information conditionally under seal.

### B. Access Industries Documents

12. With this Application, Songkick conditionally filed under seal the following documents designated "Confidential" or "Highly Confidential" by third party Access Industries ("Access") pursuant to the Protective Order:

13. Exhibits 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36 and 406 to the concurrently-filed Declaration of Adam Wolfson ("Wolfson Declaration"); these exhibits are documents produced by Access and designated as either "Confidential" or "Highly Confidential."

14. Exhibits 396 to the Wolfson Declaration; this exhibit excerpts from the deposition transcript of Access' witness in this action that has been designated as either "Confidential" or "Highly Confidential."

15. Portions of the Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment, which quotes, describes, or references documents designated by Access as "Confidential" or "Highly Confidential."

16. An unredacted version of the Statement of Genuine Disputes and Additional Material Facts in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment, which quotes, describes, and references documents designated by documents designated by Access as "Confidential" or "Highly Confidential."

17. Pursuant to Paragraph 12 of the Protective Order, Songkick is required to—and hereby does—file this "Confidential" and "Highly Confidential" information conditionally under seal.

### C. Sequoia Capital Document

18. With this Application, Songkick conditionally filed under seal the following documents designated "Highly Confidential" by third party Sequoia Capital ("Sequoia") pursuant to the Protective Order:

19.     Exhibit 80 to the concurrently-filed Declaration of Adam Wolfson ("Wolfson Declaration"); this exhibit is a document produced by Sequoia and designated as "Highly Confidential."

20.     Portions of the Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment, which quotes, describes, or references documents designated by Sequoia as or "Highly Confidential."

21.     An unredacted version of the Statement of Genuine Disputes and Additional Material Facts in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment, which quotes, describes, and references documents designated by documents designated by Sequoia as "Highly Confidential."

22.     Pursuant to Paragraph 12 of the Protective Order, Songkick is required to—and hereby does—file this "Highly Confidential" information conditionally under seal.

**D.    SCIT Document**

23.     With this Application, Songkick conditionally filed under seal the following documents designated "Highly Confidential" by third party String Cheese Incident Ticketing, LLC ("SCIT") pursuant to the Protective Order:

24.     Exhibit 79 to the concurrently-filed Declaration of Adam Wolfson ("Wolfson Declaration"); this exhibit is a document produced by SCIT and designated as "Confidential."

25.     Portions of the Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment, which quotes, describes, or references documents designated by SCIT as or "Confidential."

26.     An unredacted version of the Statement of Genuine Disputes and Additional Material Facts in Support of Plaintiff's Opposition to Defendants'

Motion for Partial Summary Judgment, which quotes, describes, and references documents designated by documents designated by SCIT as "Confidential."

27. Pursuant to Paragraph 12 of the Protective Order, Songkick is required to—and hereby does—file this "Confidential" information conditionally under seal.

## II. SONGKICK'S APPLICATION TO SEAL DOCUMENTS

28. Songkick's Application is made on grounds that:

29. Songkick seeks to seal only a fraction of the material submitted in conjunction with Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment. Of the documents submitted in conjunction with Plaintiff's motion, Plaintiff respectfully request that the Court seal only documents containing certain trade secrets and/or other highly confidential and sensitive business information. These documents include confidential information concerning, for example: (a) Plaintiff's forward-looking business strategy, (b) Plaintiff's strategies to develop and maintain business relationships with clients, (c) information concerning unreleased, non-public products and services developed by Plaintiffs. Plaintiff also seeks to redact portions of documents that reference these materials, as well as the names and email addresses of third party artists and artist representatives that are not parties to this litigation.

30. The purpose of Plaintiff's request is to protect trade secrets and other "privacy interests of litigants and third parties"—i.e., precisely the considerations that courts have long recognized warrant preventing public disclosure of sensitive material. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984).

31. In the Ninth Circuit, "compelling reasons must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the … release [of] trade secrets." *Id.* at 1179 (internal quotation

marks omitted). More broadly, as the U.S. Supreme Court has recognized, "courts have refused to permit their files to serve as … sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Courts thus routinely hold that documents "contain[ing] confidential business information and/or trade secrets … [are] properly sealable." *See, e.g.*, *Synopsis, Inc. v. Magma Design Automation, Inc.*, 2006 WL 997190, at *1-3 (N.D. Cal. April 17, 2006). For example, "pricing terms, royalty rates, and guaranteed minimum payment terms . . . [are] information that plainly falls within the definition of 'trade secrets,'" and therefore meet the "compelling reasons" standard. *In re Elec. Arts Inc.*, 298 Fed. Appx. 568, 569-70 (9th Cir. 2008) (ruling that a district court erred in refusing to seal a licensing agreement under the compelling reasons standard). But importantly, sealing sensitive commercial material is not limited to "trade secrets." To the contrary, since *Nixon*, "documents may be sealed merely if they are 'sources of business information that might harm a litigant's competitive standing.'" *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 n.3 (Fed. Cir. 2013) (applying Ninth Circuit law); *Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd*, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014) (citing *Apple*, 727 F.3d at 1226).

32. Further, courts routinely permit the sealing of the names and personal identifying information of third parties under the compelling reasons standard. *See, e.g.*, *Myles v. Cty. of San Diego*, 2017 WL 274829, at *2 (S.D. Cal. Jan. 19, 2017) (ordering redaction of "third parties' names and personal identifying information" under "compelling reasons" standard); *PNY Techs., Inc. v. Sandisk Corp.*, 2014 WL 661620, at *2 (N.D. Cal. Feb. 20, 2014) (permitting redaction of "the names and other discrete identifying information of third parties" under "compelling reasons" standard).

33. This Court has previously granted the parties' applications to seal similar types of documents and information under the "compelling reasons"

standard—including highly confidential and sensitive business information. Order re App. to Seal (Dkt. Nos. 36, 44), ECF No. 53. As explained below, the documents and information that Plaintiff seeks to seal in this application are no different. Plaintiff therefore respectfully requests that the Court grant this Application.

### B. Exhibits to the Wolfson Declaration

#### 1. *Documents that Reflect Songkick's Strategy and Business Policy, Trade Secrets and Financial Data*

34. Exhibits 17, 102, 110, 111, 118, 123, 126, 131, 132, 134, 135, 144, 147, 148, 157, 165, 168, 169, 188, 191, and 195 contain certain sensitive information regarding: (a) the relationship between Songkick and specific artists, (b) Songkick's forward-looking business strategy and business policies, (c) Songkick' strategic decision-making, (d) Songkick's trade secrets and the development and protection of those trade secrets, and (e) specific artists' communications and arrangements with Songkick.

#### 2. *Expert Reports that Reflect Songkick's Strategy and Business Policy, Trade Secrets and/or Financial Data*

35. Exhibits 12, 23, 38, 42, 45, 75, and 383 are expert reports served by Songkick on Defendants in this Action, that contain certain sensitive information regarding: (a) the relationship between Songkick and specific artists, (b) Songkick's forward-looking business strategy and business policies, (c) Songkick' strategic decision-making, (d) Songkick's trade secrets and the development and protection of those trade secrets, and (e) specific artists' communications and arrangements with Songkick.

#### 3. *Discovery Responses that Reflect Songkick's Strategy and Business Policy, Trade Secrets and/or Financial Data*

36. Exhibits 6-8, 10-11, and 199 are discovery responses served by Songkick on Defendants in this Action, that contain certain sensitive regarding: (a) the relationship between Songkick and specific artists, (b) Songkick's forward-looking business strategy and business policies, (c) Songkick' strategic decision-

making, (d) Songkick's trade secrets and the development and protection of those trade secrets, and (e) specific artists' communications and arrangements with Songkick.

#### 4. *Deposition Excerpts*

37. Exhibits 15, 16, 18, 19, 387, 388, 391, 392, 394, 396, 399, 400, and 404 are excerpts of the transcripts of Songkick's witnesses and expert witnesses, and from third-party witnesses, that contain certain sensitive and confidential information regarding: (a) the relationship between Songkick and specific artists, (b) Songkick's forward-looking business strategy and business policies, (c) Songkick' strategic decision-making, (d) Songkick's trade secrets and the development and protection of those trade secrets, (e) specific artists' communications and arrangements with Songkick, and (f) sensitive information regarding specific artists' and artists' managers' strategies and relationships in the music industry.

### C. Declarations

#### 1. *Declaration of Matt Jones*

38. Songkick seeks to seal the declaration of its CEO, Matt Jones, which reveals sensitive business strategy and information about Songkick's relationships with its artist clients. Mr. Jones' declaration also cites to or references Defendants' declarations which are filed under seal.

#### 2. *Declaration of Stephen Glicken*

39. Songkick seeks to seal the declaration of its VP of Business Development, Stephen Glicken, which reveals sensitive business strategy and information about Songkick's relationships with its artist clients. Mr. Glicken's declaration also reveals sensitive information about how Songkick tracks its wins and losses internally and Songkick's business practices for doing so, which are competitively sensitive. Mr. Jones' declaration also cites or references Defendants' declarations which are filed under seal.

### 3. *Declaration of Jesse Bellin and Accompanying Exhibits*

40. Songkick seeks to seal the declaration and accompanying exhibits of its VP of Artist Services, Jesse Bellin, which reveal sensitive business strategy and information about Songkick's relationships with its artist clients. Ms. Bellin's declaration also cites or references Defendants' declarations which are filed under seal.

### 4. *Declaration of Stu Smith*

41. Songkick seeks to seal the declaration of its former executive, Stu Smith, which reveals sensitive business strategy from his time at Songkick and information about Songkick's relationships with its artist clients who are also his own longstanding clients in other contexts. Mr. Smith's declaration provides frank discussion regarding his business relationships and implicates his longstanding relationships in the music industry.

### 5. *Artist Representative and Promoter Declarations*

42. Songkick seeks to seal the following declarations in their entirety: the Declarations of Nicky Berger, Nick Blasko, Jason Foster, Caius Pawson, Jason Colton, Michael Corcoran, Corinna Miller, Veikko Fuhrmann, Chris Guggenheim, Rob Holden, Kathy Kane, Jerry Mickelson, Dawn Moses, John Paluska, Jonathan Pardo, Dolphus Ramseur, Georges Sulmers, and Traci Thomas. For each of these declarations, the declarant is either a third party artist representative or who represents various third party artists or a promoter (regarding Mr. Sulmer) and/or a venue manager. Songkick seeks to seal these declarations in their entirety not only because each contains the names and certain sensitive information regarding non-parties, but also because each contains sensitive information regarding: (a) the relationship between the declarant's company and specific artists, (b) the relationships between the declarant's company and other companies, including Defendants, (c) strategic decision-making with respect to specific artists, (d) what products and services certain artists prefer to use and why, and (e) specific artists'

communications and arrangements with Defendants and Songkick. In one instance, an artist manager included in this group of declarants states she is concerned she could face negative professional repurcussions for speaking out in a declaration in this Action. C. Miller Decl. ¶ 2. Given these concerns, Songkick believes sealing is justified for each of these third-party declarations.

### 6. *Expert Declarations and Exhibits Thereto*

43. The Declarations of Josh Baron, Kyle Cunningham, Joseph Farrell, and David Yurkerwich relate to and attach thereto expert reports served by Songkick on Defendants in this Action, that contain certain sensitive information regarding: (a) the relationship between Songkick and specific artists, (b) Songkick's forward-looking business strategy and business policies, (c) Songkick' strategic decision-making, (d) Songkick's trade secrets and the development and protection of those trade secrets, and (e) specific artists' communications and arrangements with Songkick.

### D. Other Documents

44. Portions of the Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment reference or incorporate the materials discussed above. Plaintiff respectfully requests that the Court permit partial redactions of that material for the same reasons discussed above.

45. An unredacted version of the Statement of Genuine Disputes and Additional Material Facts in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment, which references or incorporates the

materials discussed above. Plaintiff respectfully requests that the Court permit partial redactions of that material for the same reasons discussed above.[1]

\*     \*     \*

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order permitting the above-referenced documents to be filed under seal, provided that redacted versions of these documents shall remain publicly accessible. A Proposed Order granting this Application has been submitted herewith.

Dated:  June 26, 2017           **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

                                By:    */s/ Frederick Lorig*
                                       Frederick A. Lorig

                                       Attorneys for Plaintiff
                                       COMPLETE ENTERTAINMENT
                                       RESOURCES LLC

---

[1] Plaintiff has filed the Statement of Genuine Disputes and Additional Material Facts in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment conditionally under seal because it contains Defendants' "Confidential" or "Highly Confidential" information. Plaintiff does not know whether Defendants will seek to redact this document or what portions Defendants may ultimately seek to redact, however we have inserted redactions we believe may be appropriate as well as our own requested redactions are identified by yellow highlighting.