UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 15-9814 DSF (AGRx) | Date | 9/22/17 |
| Title | Complete Entertainment Resources LLC v. Live Nation Entertainment, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order re Applications to Seal Material Related to Motion for Summary Judgment (Dkt. Nos. 219, 221, 239, 244, 248, 255)

   The Court has reviewed the numerous applications to seal and declarations in support of sealing.  Sealing of material in support of a motion for summary judgment is appropriate only for "compelling reasons."  Many of the requests are frivolous.  Many that may or may not be valid are supported by boilerplate assertions of the character of the document and the reason that sealing is appropriate.  This is, of course, complicated by the fact that both parties have chosen to file far too much material in connection with this motion and have applied to seal far too much of that.  The Court will not preside over this case in secret.

   Nevertheless, the Court has conducted a document-by-document review of all of the materials the parties have sought to seal.  In general, the Court finds compelling reasons to seal specific financial terms and information, formalized corporate strategy documents, documents that discuss negotiating strategies, and specific contractual terms of confidential agreements with third parties with the exception of the terms relating to the house seats provisions in Tickemaster's contracts with venues.[1]  The Court does not find compelling reasons to seal the identities of third parties or their representatives or

---

[1] For simplicity, the entirety of the venue contracts can be sealed, but quoting and discussion of the house seats related provisions in other documents will not be sealed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

most of the routine business communications.

Consistent with that, with regard to Defendants' moving papers, the Court will allow the parties to seal O'Mara Declaration, Ex. 1-47, 65-66, 69-70, 72, 74, 104, and 123. The Court will consider redactions to Ex. 55, 71, 86, and to the Bedier, Nagle, Marion and Ordover declarations (and any exhibits to the declarations). Some of the redactions to Ex. 117, 118, 122, and 127 might be valid, but need to be better supported. Exhibit 116 can be sealed in part, but the redactions on pages 16, 21, 45-47, and 55 should be removed, as well as the redactions to the charts on pages 34-38.

In conjunction with Plaintiff's opposition, the Court will seal Wolfson Declaration, Ex. 1, 23, 24, 27-29, 31, 33, 34-36, 43, 79-80, 118, 126, 135, 157, 165, 168, 169, 195, 201-243, 249, 252, 253, 255, 257, 258, 270, 271, 274, 279, 284, 306, 307, 315-318, 324, 335-337, 352-355, 360-366, 372, 373, 376, 380-383, 389, 401, 406, and 417. Some redactions are justified for Ex. 9 (redactions on pages 20, 23, 24), 393 (redactions on pages 144, 145, 150), 395 (all proposed redactions except artist names), and 402 (redactions on p. 42-44, 131, 150). For all documents submitted with the opposition, sealing is granted consistent with the proposed redactions, if any, filed by Defendants at Dkt. No. 242. Further proposed redactions will be considered for Ex. 12, 45, 46, 75, 76, 391, 392, 394, and 396-405, and for the declarations submitted with Plaintiff's opposition (and any exhibits to the declarations).[2]

In conjunction with Defendants' reply papers, the Court will seal Ex. 1 and 6 to the Gass declaration.

There were numerous duplications in the voluminous evidence submitted. It is possible that the Court has ruled inconsistently in borderline cases.[3] If this has occurred, the party that wishes to have the material under seal should bring it to the Court's attention and the Court will revisit the documents.

Where the Court has indicated that it will further consider proposed redactions, the party that wishes to have the material under seal should file an application to seal in accordance with the Local Rules no later than September 29 and does not have to file those documents publicly until the new application to seal is resolved. The parties should

---

[2] However, none of the exhibits to the Bellin declaration will be sealed.

[3] The Court has no mechanism for finding a previously encountered duplicate document other than to revisit hundreds of exhibits spanning thousands of pages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

also refrain from filing new redacted memoranda, statements of uncontroverted fact, etc., until all applications to seal are resolved.

    IT IS SO ORDERED.