UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 15-9814 DSF (AGRx) | Date | 10/10/17 |
|---|---|---|---|
| Title | Complete Entertainment Resources LLC v. Live Nation Entertainment, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (In Chambers) Order DENYING Applications to Seal (Dkt. Nos. 289, 306, 334, 357, 365, 367, 380)

After a tedious document-by-document review of all of the materials the parties had sought to seal in conjunction with the pending motion for summary judgment,[1] the Court issued an order outlining its basic approach to what would and would not be sealed,[2] granted the sealing of certain documents, and provided an opportunity for the parties to seek redaction of certain documents for which they had previously sought

---

[1] This review was both necessitated and complicated by the parties' general reliance on conclusory and boilerplate characterizations of the documents and an almost complete failure to provide any specific, itemized *analysis* of how any given document in question fit within the supposed characterizations. Of course, the situation was exacerbated by the enormous amount of material submitted; even excluding the voluminous – and apparently pointless – charts and spreadsheets, the Court would estimate that the parties submitted 25 large binders of documents. Given all of this, the Court would have been within its discretion to have denied the applications in their entirety.

[2] "In general, the Court finds compelling reasons to seal specific financial terms and information, formalized corporate strategy documents, documents that discuss negotiating strategies, and specific contractual terms of confidential agreements with third parties with the exception of the terms relating to the house seats provisions in Ticke[t]master's contracts with venues. The Court does not find compelling reasons to seal the identities of third parties or their representatives or most of the routine business communications."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

complete sealing.

Defendants submitted a supplemental application to seal unredacted versions of certain documents named in the Court's order. Despite the Court's prior admonition about boilerplate language, Defendants do not even attempt to support any specific redactions. The Court is once again treated to conclusory, boilerplate assertions of "harm to competitive standing" and "sensitive information." There is no attempt to take any specific piece of redacted material and justify why that material meets the criteria for sealing. Defendants also pointed to certain other documents that were sealed and represented that – some? many? all of? – the proposed redactions had their source in those documents. However, on review of the proposed redactions to Joseph Farrell's expert report, the Court found numerous instances where Defendants have sought to redact material where the Court previously found that the material should not be sealed:

– On page 33 of the report, Defendants seek to redact paragraph 100. This is related to the "house seats" provisions in the Ticketmaster contracts. And, in any event, it does not seem that this paragraph is even a secret in any way – it is basically a summary of Defendants' litigation position.
– The redaction on page 90 is from a document that the Court declined to seal.
– The redaction on pages 92-93 is from a document that the Court declined to seal.
– The redaction on page 94 is from a document that the Court declined to seal.
– The redaction on page 95 in the paragraph beginning "Exhibit 26" is from a document that the Court declined to seal.
– The redaction on page 109 is from a document that the Court declined to seal.

At this point, the Court stopped looking for these "errors." "Errors" goes in quotes because, given the nature of the redacted material, the Court is extremely skeptical that Defendants' maneuver was anything but calculated. Other than the first redaction listed above, the redactions are damaging – or at least embarrassing – quotes from high-level employees at Ticketmaster and Live Nation. For example, Live Nation's CEO Michael Rapino states that certain fees charged by Ticketmaster are "not defendable." Rapino also commented that the fan club policy at issue is "outdated" and that Ticketmaster needed a "simpler more artist friendly policy/rule to meet the reality of today."

Given the lack of a showing by Defendants and their apparent bad faith in presenting the application to the Court, the Court DENIES sealing of any material not specifically listed for sealing the Court's September 22, 2017 order. Public versions of all summary judgment materials must be filed no later than October 16, 2017.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

And given the Court's lack of faith in counsel and lack of resources with which to police the various sealing applications effectively, the Court will DENY without prejudice the remaining applications to seal other than any pending before the Magistrate Judge. In fact, a brief review of the applications show that they are, for the most part, non-starters. The parties appear to be under the mistaken impression that the Daubert motion and the pretrial filings are subject to the "good cause" standard for under seal filing. All of these filings are clearly more than tangentially related to the merits. See Center for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092 (9th Cir. 2016). Further, they are all related to prospectively dispositive rulings by the Court. The Daubert motion, if granted, would effectively terminate Plaintiff's damages case.[3] The pretrial documents, including the motions in limine, all directly concern the most obviously dispositive proceeding of all – the actual trial. Given that the compelling reasons standard applies, the parties should, at a minimum, not seek to seal material that the Court rejected for sealing in conjunction with the motion for summary judgment.

If the parties wish to file material under seal relating to any further matter in this case, they are to follow these guidelines:

Justification for sealing redacted portions must be line-by-line. Justification for sealing of an entire document must be presented as a discussion of the *specific contents* of the document (or redacted portion of the document) and how those *specific contents* satisfy the compelling reasons standard. That a document may have been sealed before by the Court is an insufficient justification – the Court may have made an error in the parties' favor. Any proposed redaction in a brief must be supported by a line-by-line citation to the document from which the information is drawn and where the Court has sealed that document or portion of the document. If the Court has not previously sealed the information, as stated above, the party seeking to seal the material must provide a detailed justification for the sealing of the specific statement in question.

Revised under seal applications for material already submitted to the Court are to be filed no later than October 16, 2017.

IT IS SO ORDERED.

---

[3] Given Plaintiff's apparent cessation of business, damages may be the only relief still available to it.