QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Frederick A. Lorig (Bar No. 057645)
  fredlorig@quinnemanuel.com
  Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
  Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Complete
Entertainment Resources LLC

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Complete Entertainment Resources LLC d/b/a Songkick, <br><br> Plaintiff, <br><br> v. <br><br> Live Nation Entertainment, Inc.; Ticketmaster LLC, <br><br> Defendants. <br> ———————————————— <br> Ticketmaster LLC, <br><br> Counter Claimant, <br><br> v. <br><br> Complete Entertainment Resources LLC d/b/a Songkick, <br><br> Counter Defendant. | CASE NO. 15-cv-9814 DSF (AGRx) <br><br> **PLAINTIFF'S [PROPOSED] VERDICT FORM** <br><br> The Honorable Dale S. Fischer |

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................ 3

II.     SHERMAN ACT ....................................................................................... 4

    A.      Monopolization, Sherman Act, Section 2, 15 U.S.C. § 2: Liability ...................................................................................... 4

    B.      Monopolization, Sherman Act, Section 2, 15 U.S.C. § 2: Damages ................................................................................... 4

    C.      Attempted Monopolization, Sherman Act, Section 2, 15 U.S.C. § 2:  Liability .................................................................... 5

    D.      Attempted Monopolization, Sherman Act, Section 2, 15 U.S.C. § 2:  Damages ................................................................. 5

    E.      Sherman Act, Section 1, 15 U.S.C. § 1:  Liability ................................ 6

    F.      Sherman Act, Section 1, 15 U.S.C. § 1:  Damages ............................... 6

III.    FEDERAL COMPUTER FRAUD AND ABUSE ACT ("CFAA") CLAIM .................................................................................................... 7

    A.      CFAA Section 1030(a)(2)(C) ............................................................. 7

    B.      CFAA:  Damages ............................................................................... 7

IV.     TRADE SECRET MISAPPROPRIATION CLAIMS ..................................... 8

    A.      Trade Secret Misappropriation:  Liability (California Law) ................. 8

    B.      Trade Secret Misappropriation:  Damages (California Law) ............... 8

V.      INTERFERENCE CLAIMS ....................................................................... 9

    A.      Interference With Prospective Economic Relations:  Liability ............. 9

    B.      Interference With Prospective Economic Relations:  Damages .......... 10

    C.      Interference With Contractual Relations:  Liability ......................... 11

    D.      Interference With Contractual Relations:  Damages ......................... 12

VI.     PROMISSORY ESTOPPEL ..................................................................... 13

    A.      Promissory Estoppel:  Liability ....................................................... 13

    B.      Promissory Estoppel:  Damages ...................................................... 13

VII.    UNFAIR COMPETITION ........................................................................ 14

A.   Unfair Competition:  Liability ................................................ 14

B.   Unfair Competition:  Restitution ........................................... 14

VIII.  COUNTERCLAIMS ................................................................... 15

A.   Interference With Contractual Relations:  Liability ............................ 15

B.   Interference With Contractual Relations:  Damages ........................... 15

C.   Conversion:  Liability .................................................... 16

D.   Conversion:  Damages ...................................................... 16

IX.   CONCLUSION ........................................................................ 17

# I.      INTRODUCTION

Please read the entire Verdict Form.  When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form.  Your answer to each question must be unanimous.  Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury in the above-entitled case, unanimously agree on the answers to the following questions and return them under the instructions of this court as our verdict in this case:

Case No. 15-cv-9814 DSF (AGRx)

PLAINTIFF'S [PROPOSED] VERDICT FORM

## II.      SHERMAN ACT

**A.      Monopolization, Sherman Act, Section 2, 15 U.S.C. § 2:  Liability**

Did each of the Defendants engage in monopolization in violation of the Sherman Act, Section 2, 15 U.S.C. § 2?

For each Defendant, answer "Yes" or "No" in the following chart.

"Yes" is a finding for Songkick.  "No" is a finding for the Defendant.

| Defendant | Yes | No |
|-----------|-----|-----|
| Ticketmaster LLC | | |
| Live Nation Entertainment, Inc. | | |

**B.      Monopolization, Sherman Act, Section 2, 15 U.S.C. § 2:  Damages**

If you found for Songkick and against any Defendant on Songkick's monopolization (Sherman Act, Section 2, 15 U.S.C. § 2) claim, what amount of damages, if any, did Defendants' monopolization cause to Songkick?

If you did not find for Songkick on its Sherman Act, Section 2, 15 U.S.C. § 2 claim, please answer "N/A" below.

$_____

**C.** **Attempted Monopolization, Sherman Act, Section 2, 15 U.S.C. § 2: Liability**

Did each of the Defendants engage in attempted monopolization in violation of the Sherman Act, Section 2, 15 U.S.C. § 2?

For each Defendant, answer "Yes" or "No" in the following chart.

"Yes" is a finding for Songkick. "No" is a finding for the Defendant.

| Defendant | Yes | No |
|---|---|---|
| Ticketmaster LLC | | |
| Live Nation Entertainment, Inc. | | |

**D.** **Attempted Monopolization, Sherman Act, Section 2, 15 U.S.C. § 2: Damages**

If you found for Songkick and against any Defendant on Songkick's attempted monopolization (Sherman Act, Section 2, 15 U.S.C. § 2) claim, what amount of damages, if any, did Defendants' attempted monopolization cause to Songkick?

If you did not find for Songkick on its Sherman Act, Section 2, 15 U.S.C. § 2 claim, please answer "N/A" below.

$_____

**E.      Sherman Act, Section 1, 15 U.S.C. § 1:  Liability**

Did each of the Defendants engage in contracts, combinations or conspiracies to unreasonably restrain trade, control prices or exclude competition in violation of the Sherman Act, Section 1, 15 U.S.C. § 1? For each Defendant, answer "Yes" or "No" in the following chart. "Yes" is a finding for Songkick.  "No" is a finding for the Defendant.

| Defendant | Yes | No |
|---|---|---|
| Ticketmaster LLC | | |
| Live Nation Entertainment, Inc. | | |

**F.      Sherman Act, Section 1, 15 U.S.C. § 1:  Damages**

If you found for Songkick and against any Defendant on Songkick's Sherman Act, Section 1, 15 U.S.C. § 1 claim, what amount of damages, if any, did Defendants' unlawful contracts, combinations or conspiracies cause to Songkick?

If you did not find for Songkick on its Sherman Act, Section 1, 15 U.S.C. § 1 claim, please answer "N/A" below.

$_____

Case No. 15-cv-9814 DSF (AGRx)

PLAINTIFF'S [PROPOSED] VERDICT FORM

**III.    FEDERAL COMPUTER FRAUD AND ABUSE ACT ("CFAA") CLAIM**

**A.    CFAA Section 1030(a)(2)(C)**

Did each Defendant listed below violate Section 1030(a)(2)(c) of the Computer Fraud and Abuse Act?

For each Defendant, answer "Yes" or "No" in the following chart. "Yes" is a finding for Songkick.  "No" is a finding for the Defendant.

| Defendant | Yes | No |
|---|---|---|
| Ticketmaster LLC | | |
| Live Nation Entertainment, Inc. | | |

**B.    CFAA:  Damages**

If you found for Songkick and against any Defendant on Songkick's CFAA claim, what amount of damages, if any, did Defendants' violation(s) of the CFAA cause to Songkick?

If you did not find a violation of the CFAA by Defendants, please answer "N/A" below.

$_____

# IV.    TRADE SECRET MISAPPROPRIATION CLAIMS

## A.    Trade Secret Misappropriation:  Liability (California Law)

Did each of the Defendants listed below misappropriate Songkick's trade secrets under California law?

For each Defendant, answer "Yes" or "No" in the following chart.

"Yes" is a finding for Songkick.  "No" is a finding for the Defendant.

| Defendant | Yes | No |
|---|---|---|
| Ticketmaster LLC | | |
| Live Nation Entertainment, Inc. | | |

## B.    Trade Secret Misappropriation:  Damages (California Law)

1.    If you found for Songkick and against any Defendant on Songkick's trade secret misappropriation claim under California law, what amount of damages, if any, did Defendants' misappropriation cause to Songkick?

If you did not find for Songkick on its trade secret misappropriation claim, please answer "N/A" below.

$_____

2.    Did Defendants act with malice, oppression, or fraud?

Answer "Yes" or "No."  If you did not find for Songkick on its trade secret misappropriation claim under California law, please answer "N/A" below.

_____

Case No. 15-cv-9814 DSF (AGRx)
PLAINTIFF'S [PROPOSED] VERDICT FORM

## V. INTERFERENCE CLAIMS

### A. Interference With Prospective Economic Relations:  Liability

Did each of the Defendants listed below intentionally interfere with Songkick's prospective economic relations?

For each Defendant, answer "Yes" or "No" in the following chart.

"Yes" is a finding for Songkick.  "No" is a finding for the Defendant.

| Defendant | Yes | No |
|---|---|---|
| Ticketmaster LLC | | |
| Live Nation Entertainment, Inc. | | |

**B.**     **Interference With Prospective Economic Relations:  Damages**

2.     If you found for Songkick and against any Defendant on Songkick's interference with prospective economic relations claim, what amount of damages, if any, did Defendants' interference cause to Songkick?

If you did not find for Songkick on its interference with prospective economic relations claim, please answer "N/A" below.

$_____

2.     Did Defendants act with malice, oppression, or fraud?

a) Answer "Yes" or "No."  If you did not find for Songkick on its interference with prospective economic relations claim, please answer "N/A" below.

_____

b) If you answered "Yes," what amount of punitive damages do you award Songkick?

$_____

Case No. 15-cv-9814 DSF (AGRx)

PLAINTIFF'S [PROPOSED] VERDICT FORM

**C.      Interference With Contractual Relations:  Liability**

Did each of the Defendants listed below intentionally interfere with Songkick's contractual relations?

For each Defendant, answer "Yes" or "No" in the following chart.

"Yes" is a finding for Songkick.  "No" is a finding for the Defendant.

| Defendant | Yes | No |
|---|---|---|
| Ticketmaster LLC | | |
| Live Nation Entertainment, Inc. | | |

Case No. 15-cv-9814 DSF (AGRx)

PLAINTIFF'S [PROPOSED] VERDICT FORM

**D.     Interference With Contractual Relations:  Damages**

1.     If you found for Songkick and against any Defendant on Songkick's interference with contractual relations claim, what amount of damages, if any, did Defendants' interference cause to Songkick?

If you did not find for Songkick on its interference with contractual relations claim, please answer "N/A" below.

$_____

2.     Did Defendants act with malice, oppression, or fraud?

    a)  Answer "Yes" or "No."  If you did not find for Songkick on its interference with contractual relations claim, please answer "N/A" below.

    _____

    b)  If you answered "Yes," what amount of punitive damages do you award Songkick?

$_____

## VI.    PROMISSORY ESTOPPEL

**A.     Promissory Estoppel:  Liability**

Did Defendants break their promises to Songkick, resulting in promissory estoppel?

For each Defendant, answer "Yes" or "No" in the following chart. "Yes" is a finding for Songkick.  "No" is a finding for the Defendant.

| Defendant | Yes | No |
|---|---|---|
| Ticketmaster LLC | | |
| Live Nation Entertainment, Inc. | | |

**B.     Promissory Estoppel:  Damages**

If you found for Songkick and against any Defendant on Songkick's promissory estoppel claim, what amount of damages, if any, did Defendants' broken promises cause to Songkick?

If you did not find for Songkick on its promissory estoppel claim, please answer "N/A" below.

$_____

1

## VII.   UNFAIR COMPETITION

### A.   Unfair Competition:  Liability

Did Defendants engage in unfair competition in violation of California Business and Professions Code § 17200?

For each Defendant, answer "Yes" or "No" in the following chart.

"Yes" is a finding for Songkick.  "No" is a finding for the Defendant.

| Defendant | Yes | No |
|---|---|---|
| Ticketmaster LLC | | |
| Live Nation Entertainment, Inc. | | |

### B.   Unfair Competition:  Restitution

If you found for Songkick and against any Defendant on Songkick's unfair competition claim, what amount of restitution, if any, do Defendants owe to Songkick?

If you did not find for Songkick on its unfair competition claim, please answer "N/A" below.

$_____

-14-

# VIII.   COUNTERCLAIMS

**A.      Interference With Contractual Relations:  Liability**

Did Songkick intentionally interfere with Ticketmaster's contractual relationships?

Answer "Yes" or "No."  "Yes" is a finding for Ticketmaster.  "No" is a finding for Songkick.

_____

**B.      Interference With Contractual Relations:  Damages**

If you found for Ticketmaster and against Songkick on Ticketmaster's interference with contractual relations claim, what amount of damages, if any, did Songkick's interference cause to Ticketmaster?

If you did not find for Ticketmaster on its interference with contractual relations claim, please answer "N/A" below.

$_____

-15-

1

**C.     Conversion:  Liability**

2

        Did Songkick wrongfully convert Ticketmaster's property?

3

        Answer "Yes" or "No."  "Yes" is a finding for Ticketmaster.  "No" is a

4

        finding for Songkick.

5

6

      _____

7

8

**D.     Conversion:  Damages**

9

        If you found for Ticketmaster and against Songkick on Ticketmaster's

10

        conversion claim, what amount of damages, if any, did Songkick's

11

        conversion cause to Ticketmaster?

12

        If you did not find for Ticketmaster on its conversion claim, please

13

        answer "N/A" below.

14

      $_____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-

## IX. CONCLUSION

You have now completed the Verdict Form.  Have the presiding juror sign and date this form below.  Then inform the courtroom deputy that you have reached a unanimous verdict.  Do not give the envelope to the courtroom deputy.  The presiding juror should retain possession of the Verdict Form until it is requested by the Judge when the court reconvenes.


Signed: _____

**Presiding Juror**


Dated: _____


\*    \*    \*

***Plaintiff's Statement of Law In Support of Its Verdict Form***:[1] "Most federal cases are resolved by a general verdict, where the jury either finds for the plaintiff or the defendant" and not by lengthy verdict forms that span multiple pages of questions for each claim. Fed. Civ. Trials & Ev. Ch. 18-A (June 2017 Update). Here, Songkick is not proposing a general verdict form, but is proposing a straightforward verdict form of reasonable length, and also reasonable detail, in order to minimize the risk of jury confusion and to avoid inviting error. *See NMB Air Operations Corp. v. McEvoy*, 194 F.3d 1317 (9th Cir. 1999) (upholding lower court's refusal to use special verdict form that "was too lengthy and detailed");

_____

[1] Songkick reserves the right to amend, supplement, or otherwise revise its Statement of Law, including but not limited to: (1) in response to finalization of jury instructions to be used in this Action; (2) in response to any new arguments, testimony or evidence offered by Defendants; (3) on the basis of any information or documents obtained from discovery which has not yet been provided; and (4) in response to Defendants' revised verdict form, which Songkick is still reviewing.

1 | *Local 159, 342, 343 & 444 v. Nor-Cal Plumbing*, *Inc.*, 189 F.3d 473 (9th Cir. 1999)
2 | (same).

3 |      Under Federal Rule of Civil Procedure 49(a), the court has broad discretion in
4 | determining the content and layout of the verdict form. *See* Fed. R. Civ. P. 49(a);
5 | *Workman v. Frito-Lay, Inc.*, 165 F.3d 460, 465 (6th Cir. 1999) ("The language of
6 | both prongs of [Rule 49(a)] is explicitly permissive, which leaves the decision
7 | within the sound discretion of the trial court."). Here, Songkick's Proposed Verdict
8 | Form includes clear questions summarizing the factual nature of each claim at issue,
9 | along with corresponding damages blanks for each claim. In contrast, Defendants'
10 | proposed 44-page verdict form, which contains numerous questions per page, is so
11 | lengthy and complicated it invites nothing but confusion and error, and will be an
12 | incredible burden on a jury that just sat through an already complex and lengthy
13 | trial.

14 |      Regarding Defendants' argument that Songkick's Proposed Verdict Form
15 | invites duplicative damages, the Ninth Circuit has specifically noted that a jury may
16 | reach separate damage findings in an action for tort and antitrust claims because,
17 | "where the statutes forbidding the act were enacted for different purposes, and
18 | where they prescribe different types of damages, there is no double recovery."
19 | *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1006 (9th Cir. 2008)
20 | (affirming district court's refusal to reduce damages where jury awarded
21 | compensatory damages under state antitrust law and separate compensatory
22 | damages under prospective economic advantage claim). *See also Nintendo of Am.,
23 | Inc. v. Dragon Pacific Intern.*, 40 F.3d 1007, 1011 (9th Cir. 1994) (upholding
24 | separate awards for separate violations of the law even though defendant's conduct
25 | "may have been one act").

26 |      With regard to Songkick's Proposed Verdict Form sections for its promissory
27 | estoppel and California Business and Professions Code § 17200 claims, Songkick

28 |

respectfully requests an advisory verdict from the jury on each of these claims.  *See* Fed. R. Civ. P. 39(c) ("In all actions not triable of right by jury the court upon motion or of its own initiative may try any issue with an advisory jury."); *see also W. Oilfields Supply Co. v. Goodwin*, 461 F. App'x 624, 625–26 (9th Cir. 2011) ("The district court properly instructed the jury on the four prima facie elements of promissory estoppel, based on California law…").

Finally, it is proper for Songkick's proposed verdict form to refer to both Defendant Ticketmaster and Defendant Live Nation by name.  Both Ticketmaster and Live Nation are named Defendants for each of Songkick's claims. *See* FAC (Dkt. No. 158).  Live Nation never moved for dismissal as a Defendant nor moved for summary judgment on its role in this Action.  And contrary to Defendants' implication that Live Nation is liable only through Ticketmaster's conduct, Songkick has specifically alleged that both Defendants have played an active role in the alleged wrongdoing in this case, which incurs *direct* liability on Live Nation. *Id.; see also Nobody in Particular Presents, Inc. v. Clear Channel Commc'ns, Inc.*, 311 F. Supp. 2d 1048, 1069-70 (D. Colo. 2004) ("*Clear Channel*"); *Reading Int'l, Inc. v. Oaktree Capital Mgmt., LLC*, 2003 WL 22928728 (S.D.N.Y. Dec. 10, 2003). In *Clear Channel*, Live Nation's former parent company attempted to make the same argument Defendants make here without success.  The court rejected the argument, holding that where a parent corporation "controls, directs, or encourages the subsidiary's anticompetitive conduct," it can be held directly liable for its conduct and its subsidiary's conduct regardless of whether the parent personally operates in the market. *Id.* at 1070 (citing *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984)).  It would be misleading to the jury, and would prejudice Songkick by preventing a full determination on Songkick's claims, if the jury was only allowed to enter a verdict as to Ticketmaster, and not as to Live Nation.  It would also be misleading and confusing for the jury to omit references to

-19-

1  the names "Ticketmaster" and "Live Nation" from the verdict form as those are

2  clearly the names of the Defendants, and Defendants have failed to articulate any

3  good reason why their business names cannot be used in a verdict form regarding

4  their allegedly illegal conduct.

5       For all of the foregoing reasons, Songkick respectfully requests that the Court

6  use its Proposed Verdict Form.

7

8

9

10  ***Defendants' Objections:*** Defendants generally object to Plaintiff's Proposed

11  Verdict Form because it is a general verdict form in which Plaintiff fails to ask the

12  jury to make a specific finding regarding each element of each claim.  Instead,

13  Plaintiff's Proposed Verdict Form invites the jury to find liability and award

14  damages without finding that Plaintiff has met its burden to prove each element of

15  its claims.  Such a form is inappropriate in a complex case like this, where Plaintiff

16  has alleged (i) numerous different claims requiring proof of numerous different

17  elements; (ii) alternative factual theories of liability (such as for its claims under

18  Sections 1 and 2 of the Sherman Antitrust Act); and (iii) alternative theories of

19  damages (such as for its trade secret claims).  This is confusing and invites error.

20  By contrast, a special verdict form like the one Defendants proposed—which breaks

21  each claim into its separate elements—not only provides clarity to the jury in

22  reaching its decisions, but also to the parties and the Court regarding the bases of the

23  jury's determinations.  Further, a special verdict form provides guidance to a party

24  challenging the sufficiency of the evidence supporting a jury's verdict after trial,

25  whereas a general verdict form like the one Plaintiff proposes compromises a party's

26  ability to determine whether the jury's verdict rested on substantial evidence.  *See,*

27  *e.g.*, *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1121 (9th Cir. 2014) (general

28

verdict will be affirmed, even if it may have rested on factual allegations unsupported by substantial evidence, if record is sufficient with respect to any allegations made at trial).  A special verdict form thus benefits both Plaintiff and Defendants because both parties are asserting and defending claims (due to the existence of counterclaims), and therefore should properly seek to preserve their rights to challenge the sufficiency of the evidence on appeal.

Moreover, a special verdict form is particularly warranted in this case because Plaintiff's damages expert, David Yurkerwich, failed to disaggregate alleged harm from either (i) the various factual theories of antitrust law violation that Plaintiff has alleged or (ii) the alleged misappropriation of as many as nine different (and often unrelated) trade secrets.  As a result, a verdict form which does not allow the jury to identify what damage flows from what conduct would invite error by failing to give the jury an adequate means of tethering the damages it awards to the forms of liability it actually finds.

Defendants further object to Plaintiff's Proposed Verdict Form because, as discussed below, it (i) invites double counting of damages, (ii) improperly refers to both Ticketmaster and Live Nation rather than "Defendants" collectively, and (iii) asks the jury to decide Plaintiff's Section 17200 unfair competition and promissory estoppel claims, neither of which carries a right to a jury trial.

*First,* Plaintiff's Proposed Verdict Form invites double counting by repeating, after the questions regarding liability for each claim, questions that ask the jury to determine an amount of damages to be awarded to Plaintiff—without including any clarifying instructions warning the jury against awarding damages beyond those Plaintiff has proven, or against awarding duplicative damages that the law disallows. For example, because the unjust enrichment damages that Plaintiff seeks arise from conduct that also underlies Plaintiff's antitrust claims, the jury may not award both unjust enrichment damages and antitrust damages.  *See, e.g.*, *Jones v. Cty. of San*

*Bernardino*, No. EDCV 15-00080-DTB, 2016 WL 4425711, at *16 (C.D. Cal. Aug. 17, 2016) (damages awards "aris[ing] from the same operative facts" are impermissible double recovery); *LG Capital Funding, LLC v. Ubiquity, Inc.*, No. 16CV3102LDHSMG, 2017 WL 3173016, at *3 (E.D.N.Y. May 12, 2017) (unjust enrichment claim duplicative if based on same set of facts and seeks same damages). Plaintiff's Proposed Verdict Form further risks that the jury's combined award will exceed Plaintiff's claimed damages, especially since, as discussed above, Plaintiff's damages expert has offered no way for the jury to apportion the alleged damages to Plaintiff's various factual theories of liability.  Plaintiff's Proposed Verdict Form should therefore be rejected in favor of Defendants' Proposed Special Verdict Form, which makes clear that damages can only be awarded once for any form of harm, even if that harm relates to multiple claims or factual theories.  *See, e.g.*, Defendants' Proposed Special Verdict Form, Question 83.

**Second,** Plaintiff's Proposed Verdict Form improperly includes separate questions for liability and damages for both Defendants Ticketmaster and Live Nation.  By contrast, Defendants' Proposed Special Verdict Form properly includes only a single entry for findings of liability and damages against Defendants collectively, and should be adopted to avoid confusing the jury, and to avoid unfair prejudice against Defendants.

**Finally,** Defendants object to Sections VIII and IX of Plaintiff's Proposed Verdict Form regarding its Section 17200 unfair competition and promissory estoppel claims.  These questions are unnecessary and invite legal error, because Plaintiff has no right to try its equitable Section 17200 and promissory estoppel claims to the jury.  *See* Defendants' Objections to Plaintiff's Proposed Jury Instruction Nos. 110, 114; ; *see also C & K Eng'g Contractors v. Amber Steel Co.*, 23 Cal. 3d 1, 10 (1978) (no right to a jury trial for a promissory estoppel claim); *A-C Co. v. Security Pacific Nat. Bank*, 173 Cal. App. 3d 462 (1985) (same); *Hodge v.*

1  *Superior Court*, 145 Cal. App. 4th 278, 285 (2006) (holding that "there is no right to

2  a jury trial in a section 17200 lawsuit").  Moreover, Defendants object to Section IX

3  regarding Plaintiff's Section 17200 unfair competition claim on the ground that

4  Plaintiff failed to include this claim in its initial proposed verdict form, adding it

5  only two days before filing on October 10, 2017.  Defendants also object to

6  Plaintiff's inclusion of a question regarding restitution for Plaintiff's Section 17200

7  claim, as Plaintiff never disclosed it was seeking restitution, and cannot recover

8  restitution as a matter of law.  *See Korea Supply Co. v. Lockheed Martin Corp.*, 29

9  Cal 4th 1134, 1152 (2003).

10       Plaintiff's Proposed Verdict Form is deficient for the reasons stated above.

11  Defendants therefore request that their Proposed Special Verdict Form be used

12  instead.

13

14

15  DATED:  October 12, 2017          QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP

16

17                                    By  */s/ Frederick A. Lorig*
                                          _____
18                                        Frederick A. Lorig
                                          Kevin Y. Teruya
19                                        Adam B. Wolfson

20                                        Attorneys for Plaintiff
                                          COMPLETE ENTERTAINMENT
21                                        RESOURCES LLC

22

23

24

25

26

27

28

-23-