UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 15-9814 DSF (AGRx) | Date | 10/25/17 |
|---|---|---|---|
| Title | Complete Entertainment Resources LLC v. Live Nation Entertainment, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (In Chambers) Order re Motions in Limine (Dkt. Nos. 292-300, 302)

Plaintiff's MIL #1 (Dkt. No. 295)

Granted under Rule 403. Another court's 15-year old criticism of Plaintiff's expert's analysis in a completely different case that raised a different type of claim has extremely limited relevance to this case, creates a significant possibility of a pointless detour into the circumstances of that case, and has the obvious potential for unfair prejudice. Accord United States v. Sine, 493 F.3d 1021, 1033-35 (9th Cir. 2007).

Plaintiff's MIL #2 (Dkt. No. 296)

Denied. Plaintiff argues that Defendants should not be allowed to submit testimony from certain artist managers who were not disclosed in initial disclosures or any supplemental disclosure. Defendants argue that they had no reason to know that the particular artists represented by the proposed witnesses were directly at issue in the case until it received Plaintiff's damages expert report that claimed that the artists would have worked with Plaintiff absent interference by Defendants. In the language of Rule 26(a), Defendants are arguing that they did not know that they intended to "use" these witnesses until Plaintiff put them at issue late in the case. The Court agrees with this assessment. While the artists at issue were discussed in discovery materials, the Court sees no reason to force Defendants to disclose the names and contact information of every manager of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

every artist revealed anywhere in discovery just in case that artist becomes relevant. Defendants can only reasonably be expected to identify witnesses that they intend to call based on their understanding of their case and Plaintiff's case. The Court sees no reason to doubt Defendants' assertion that they were not aware that they needed the witness testimony to rebut Plaintiff's expert until they received the expert's report.

Alternatively, the failure to disclose could be viewed as substantially justified under Rule 37(c) because it would be unreasonable to require Defendants to prophylactically disclose every possible witness in the case – even if they had no present intention of calling that witness – just in case Plaintiff might decide at some late moment to put that witness at issue. This is especially true in the present case where Plaintiff was obviously well-aware of the relevance of these witnesses and their identities.

Plaintiff's MIL #3 (Dkt. No. 298)

Denied as moot in part and held in abeyance in part. Among the witnesses at issue, Defendants have agreed to make their only current employee, Mike Schmitt, available during Plaintiff's case-in-chief. The Court agrees that Defendants should be allowed latitude to examine Schmitt during Plaintiff's case-in-chief to avoid the need for Schmitt to return from out of state during Defendants' case. Of the other three former employees of Defendants, Defendants only plan to call Cole Gahagan. Gahagan is outside of the Court's subpoena power and Defendants have no control over his appearance. Therefore, the Court sees no reason to exclude Gahagan if he does not appear for Plaintiff's case-in-chief. However, as with Schmitt, if Gahagan only appears in person during one side's case, the Court is willing to be flexible with the scope of cross-examination by the other party to allow the maximum amount of in-person testimony out of fairness to both parties.[1]

The motion is held in abeyance as to the other two witnesses – Zeeshan Zaidi and Stephen Mead – pending completion of the depositions ordered by the Magistrate Judge.

Plaintiff's MIL #4 (Dkt. No. 299)

Granted in part. The Court sees no reason to prevent Defendants' expert from testifying about competition between AEG and Defendants in the venue ticketing market. However, the Court does not believe that 15 U.S.C. § 16(h) prevents the Live

---

[1] If either party becomes aware that Gahagan will appear in person during that party's case, the party is to inform the opposing party immediately and the parties should work together to present his testimony in an efficient manner.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Nation/Ticketmaster merger consent decree from being introduced for the purpose of proving the substantive relief mandated by the consent decree.

> Proceedings before the district court under subsections (e) and (f) of this section, and the competitive impact statement filed under subsection (b) of this section, shall not be admissible against any defendant in any action or proceeding brought by any other party against such defendant under the antitrust laws or by the United States under section 15a of this title nor constitute a basis for the introduction of the consent judgment as prima facie evidence against such defendant in any such action or proceeding.

15 U.S.C. § 16(h).

Subsections (e) and (f) involve the public interest determination made by the court in approving the consent decree. The competitive impact statement is a filing made by the government; there is no indication that Plaintiff has any intention of introducing it here. Section 16(h) does forbid admission of the consent decree "as prima facie evidence against [a] defendant," but this is not the proposed use by Plaintiff. Plaintiff would not introduce the consent decree terms to prove the liability of the Defendants. Instead, Plaintiff seeks to introduce terms of the consent decree to show that some of the results Defendants' expert attributes to competition are actually mandated by the consent decree and are not the result of free competition. The Court sees no reason in either the language of § 16(h) or in the policy behind it to forbid this proposed use of the consent decree. However, as stated at the pretrial conference, steps should be taken to avoid the need to identify the source of the obligations as coming from a settlement/consent decree and to avoid any inquiry into the underlying government merger investigation.

Plaintiff's MIL #5 (Dkt. No. 302)

The motion is moot – or perhaps irrelevant – because Defendants agree that the Court should interpret the venue contracts as a matter of law without testimony from either party. The parties are to meet and confer on the best method for bringing their respective contract interpretation positions before the Court.

Defendants' MIL re String Cheese Incident Complaint and Settlement Agreement (Dkt. No. 292)

Denied. To the degree that Defendants contest certain background facts about the industry – such as whether there is a longstanding practice of providing artist presale tickets to artists – and the recitations agreed to by Ticketmaster in the String Cheese

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

Incident settlement agreement contradict Defendants' positions here, those recitations are relevant and admissible as statements of a party opponent. However, the Court sees no reason to admit the String Cheese Incident complaint or the remainder of the settlement agreement beyond any relevant factual recitations.

<u>Defendants' MIL re Certain Damages Relating to Trade Secret and CFAA Claims</u> (Dkt. No. 293)

      Granted in part and denied in part. The Court has not been pointed to any place where Plaintiff disclosed a computation of lost business value damages resulting from the trade secret and CFAA claims. Plaintiff's best citation is to its reply expert report. There, the expert stated that business value loss likely occurred from the trade secret and CFAA claims, but also said that he "do[es] not provide the loss of business value analysis as an estimate of the individual damages for those other, non-antitrust claims." Dkt. No. 335-4, ¶ 92. Plaintiff has not established that this failure to disclose a calculation of these damages was not substantially justified or harmless. Therefore, Plaintiff cannot present a damages argument for the trade secret and CFAA claims alone based on lost business value.

      The motion is denied with respect to evidence of "loss" under the CFAA. The Court agrees that "loss" in this context is a standing requirement that a plaintiff have suffered one or more specific categories of harm. <u>See</u> 18 U.S.C. §§ 1030(g), 1030(e)(11). Rule 26(a) requires that a plaintiff disclose information regarding "damages claimed." The non-disclosure of the § 1030(e)(11) "losses" prevents Plaintiff from seeking those "losses" as damages, but sees no reason to bar Plaintiff from presenting evidence of "loss" to the degree that Plaintiff's CFAA standing is contested.

<u>Defendants' MIL re Certain Evidence to Establish Antitrust Damages</u> (Dkt. No. 297)

      Denied. This is a disguised summary judgment motion. In their summary judgment motion, Defendants had more than enough space to make these arguments in the greatly expanded page limits allowed by the Court. The Court is not going to rule on whether certain categories of damages are closely related enough to Plaintiff's antitrust theories based on a motion in limine. This is a matter than can be argued to the jury. Further, the Court agrees with Plaintiff, in principle, that at least some of the evidence cited by Defendants in this motion is intertwined with the full course of conduct that led to this lawsuit. Because of that it is relevant to the case, even if Defendants have an argument – that they are free to make to the jury – that the evidence does not support antitrust damages under Plaintiff's antitrust theory.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

Defendants' MIL re Evidence of Songkick's Compliance With Fan Club Policy (Dkt. No. 300)

Denied. The only apparent basis for the sanctions sought by Defendants is Rule 37(c). Rule 37(c) only applies to a failure to comply with Rule 26(a) or (e). Defendants do not even attempt to show that Plaintiff failed to comply with Rule 26(a) or (e). The only possible part of Rule 26(a) that could apply is Rule 26(a)(1)(A)(ii). But that subsection only applies to documents that the disclosing party "may use to support its claims and defenses." Plaintiff very explicitly does not want to use the material that Defendants complain was not disclosed because Plaintiff claims that it cannot be extracted from the relevant database with any amount of proportional, reasonable effort. There is also no evidence that Plaintiff failed to supplement its responses to discovery in a timely fashion under Rule 26(e)(1). The existence of the material at issue was made known to Defendants prior to the discovery cutoff; Plaintiff just argued that it was not obligated to produce it because the burden of production was disproportionate to the value of the discovery. Plaintiff also argued that it did not discover its possession of the material at issue until late in discovery even though it had complied with the search protocols agreed to by both parties. Given these facts, there is no basis for imposing a Rule 37(c) sanction here.

Defendants' MIL re Certain Hearsay Evidence (Dkt. No. 294)

Testimony About Statements of Artist Managers About Why Artist Was Not Using Songkick – Statements by artist managers about why they chose not to use Songkick or chose to stop using Songkick fall within the exception to the hearsay rule in Rule 803(3). These are statements of "motive" explicitly contemplated by Rule 803(3). Further, numerous courts have allowed such testimony about out-of-court customer statements in accordance with Rule 803(3) or the pre-Federal Rules common law equivalent exception. See, e.g., Callahan v. A.E.V., Inc., 182 F.3d 237, 250-53 (3d Cir. 1999); Herman Schwabe, Inc. v. United Shoe Machinery Corp., 297 F.2d 906, 913-14 (2d Cir. 1962) (applying motive exception pre-Federal Rules); Consol. Credit Agency v. Equifax, Inc., 2005 WL 6218038, *1-2 (C.D. Cal. 2005) (Snyder, J.).

Defendants claim that "[t]he law in the Ninth Circuit is crystal clear that the exception in Rule 803(3) does not encompass statements about the reasons why someone said they had a given state of mind." MIL at 4. However, the case cited involved an emotional, sensory, or physical condition, not the other part of Rule 803(3) that involves state of mind such as motive, intent, or plan. See United States v. Emmert, 829 F.2d 805, 809–10 (9th Cir. 1987) (only statement that declarant was scared was admissible; reason that he was scared was inadmissible). A motive is, by definition, a reason for doing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

something, so it makes no sense to say that a declaration of motive is within the exception but the declarant's reasons, nonetheless, cannot be given.

However, the statements at issue will not be admitted to prove that any underlying actions by Defendants that might have been allegedly asserted by the managers actually occurred. It will only be allowed for evidence of motive for not using Plaintiff's services and a limiting instruction will be given to that effect.

<u>Testimony About Statements of Artist Managers About Manager's Belief that Fan Club Was Compliant</u> – It is possible that this kind of evidence could be admissible to show artist manager intent under Rule 803(3) if it is relevant whether artist managers intended to develop websites that complied with Ticketmaster's guidelines. It is not clear if that point will be at issue in the case. The testimony is not admissible to show that the websites were actually compliant. It is also not admissible to show the managers' opinions that they were compliant – <u>i.e.</u>, the "feeling" about compliance rationale put forward by Plaintiff.

<u>Hearsay In E-Mails</u> – The Court has no basis to know if some e-mails could be presented for a non-hearsay purpose. Therefore, this broad motion in limine is denied.

<u>Database Records of Conversations</u> – There does not appear to be an independent objection to the admissibility to Plaintiff's records of out-of-court statements independent of the admissibility of the statements themselves. Defendants do not appear to contest that they are business records.

IT IS SO ORDERED.