UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 15-9814 DSF (AGRx) | Date | 11/6/17 |
|---|---|---|---|
| Title | Complete Entertainment Resources LLC v. Live Nation Entertainment, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING IN PART and DENYING IN PART Rule 37(c) Motion to Prohibit Songkick From Introducing Designated Matters Into Evidence; Order GRANTING Ex Parte Application for Limited Discovery (Dkt. Nos. 392, 543)

Defendants move to exclude certain supplemental opinions of Plaintiff's expert David Yurkerwich that were first provided on October 4, 2017. There are two aspects of the motion. One concerns the disclosure of lost profits damages related to the trade secrets claim. The other concerns the purported value of Songkick's remaining business and, specifically, the circumstances surrounding a recent sale of Songkick assets. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for November 13, 2017 is removed from the Court's calendar.

Plaintiff claims that the lost profits portion of supplemental report was not untimely because it relied on documents that were only produced by Defendants on September 11, 2017, or, alternatively, the late disclosure was substantially justified and does not prejudice Defendants. Defendants do not appear to disagree with the general principle that late disclosure of documents could justify a supplemental expert report. The dispute centers around whether this particular supplemental report was within the scope of what might be justified by Defendants' late production. There are two aspects of the argument. First, Defendants claim that the supplemental report improperly adds an entirely new method of calculating trade secret damages to Yurkerwich's opinions, rather than simply altering or supplementing Yurkerwich's previously disclosed approach.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Second, Defendants argue that the particular documents in the late production did not justify either the new approach to trade secret damages or Yurkerwich's revisiting of a substantial number of timely produced documents to further support that new approach. In short, Defendants argue that Plaintiff is using the late document production as an excuse to expand its expert's testimony in ways that have little to nothing to do with the newly discovered documents.

The Court must first address the preliminary question of whether a lost profits theory of damages for the trade secret claim is actually new. Plaintiff attempts to lump the trade secret claim in with the previously claimed lost profits relating to the antitrust claim. However, it is fairly clear from Yurkerwich's original report that he intended that the trade secret damages be measured by unjust enrichment. See Yurkerwich Report ¶¶ 4-13. Yurkerwich's now excluded interference categories also show that trade secrets were not involved in his lost profits analysis. There is no mention of trade secret theft as a category of interference that would justify an award of lost profits. See id. ¶¶ 81-82. Therefore, the Court concludes that lost profits were not a type of trade secret damages that were disclosed in Yurkerwich's opinion prior to the supplemental report at issue.

In certain cases it might be appropriate for an expert to add a new approach to damages based on late discovered documents, but Plaintiff has not made a convincing argument that this is one of those cases. The new documents cited by Yurkerwich, at most, supplement previously existing information. They do not provide a clear basis for linking the trade secret claim to specific lost sales any more than numerous other previously disclosed documents. The documents cited are not different enough in kind or probative value to justify the expansion of Yurkerwich's testimony.

Now that the Court has concluded that Yurkerwich's trade secret lost profits opinion was not timely disclosed under Rule 26, Plaintiff "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." R&R Sails, Inc. v. Ins. Co. of Penn., 673 F.3d 1240, 1246 (9th Cir. 2012). Plaintiff's substantial justification argument is essentially the same argument rejected above. Plaintiff has also not established that admission of the opinion would be harmless. The disclosure came long after the close of expert discovery. Allowing the new opinion would require Defendants to depose Yurkerwich on the matter, presumably supplement their own expert's report, and to seek underlying evidence to rebut the new opinion. This is not harmless in the context of an approaching multifaceted trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Therefore, the motion for sanctions is GRANTED with respect to the lost profits opinion in the supplemental report.

The second part of the motion for sanctions is mooted after consideration of Defendants' ex parte application for limited discovery regarding Songkick's purported business value. Defendants are entitled to inquire into the circumstances of the sale in the manner contemplated in their ex parte application in order to probe whether the sale price is a meaningful true market value of the assets. Defendants' request is not untimely given that Plaintiff only recently supplemented Yurkerwich's report to account for the sale and given the lack of time to engage in any supplemental discovery until the trial date was continued. Nor is it overbroad, assuming that Defendants pursue the discovery sensibly and in good faith. The ex parte application is GRANTED. The motion for sanctions is DENIED as moot with respect to the business value testimony. The Court will sign the proposed order regarding the scope of discovery.

IT IS SO ORDERED.